IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESTERN WORLD INSURANCE CO.,

          Plaintiff,                     **10cv0279**
                                          ELECTRONICALLY FILED

    v.

DELTA PROPERTY MANAGEMENT INC.,

          Defendant.

**MEMORANDUM OPINION RE CROSS MOTIONS FOR
SUMMARY JUDGMENT (DOCS. NOS. 66 AND 70)**

**I.    Introduction**

After careful consideration of plaintiff Western World Insurance Co.'s ("Western's") complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, defendant Delta Property Management Inc.'s ("Delta's") answer thereto, Delta's counterclaim and Western's answer thereto, and the cross motions for summary judgment and memoranda of law, the Court finds there is no genuine issue of material fact on the matter of insurance coverage, and declares that Western is not obligated to defend or indemnify Delta in a state court wrongful death action pursuant to the assault and battery exclusion of their insurance policy.

**II.    Background**

**A.    Complaint and Statements of Material Facts**

Western's complaint states that Delta owns and manages apartment buildings, including one in Pittsburgh, Pennsylvania where one of the tenants stabbed to death another tenant, Ms. Laura L. Maas, in May, 2008, and that it provided general liability insurance on that building. Complaint, ¶¶ 8-12. As required by the policy, Delta promptly notified Western of its potential

1

exposure to liability, which Western acknowledged by letter dated June 6, 2008 ("2008 letter"). Plaintiff's Concise Statement of Material Facts (doc. no. 68), ¶ 5; Plaintiff's Appendix (doc. no. 69), at 3-5. The 2008 letter explicitly referenced the Assault and Battery ("A&B") exclusion of the policy, which states:

> ASSAULT AND BATTERY EXCLUSION
>
> This insurance does not apply to any claim arising out of an assault and/or battery or out of any act or failure to act to prevent or suppress an assault and/or battery whether caused by the insured, an employee, a patron or any other person.
>
> This exclusion applies to all causes of action arising out of an assault and/or battery including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to an assault and/or battery.

Complaint, ¶ 15 and Exhibit B to Complaint.

The 2008 letter also advised Delta "that should a claim be presented against Delta . . . , there is a strong possibility that no coverage would be provided. We, of course, will reserve any final opinion until such time that a claim is presented . . . ." Plaintiff's Appendix (doc. no. 9) at 3. Based on the information before it at that time, Western further advised Delta that it "would not cover" such a claim, that all "rights and policy defenses are reserved," that Western would investigate the matter "under a full reservation of rights with the understanding that *the Company has not, does not, nor shall not in any manner waive any of its rights or defenses . . . to deny coverage* to you based on the policy's terms, conditions, provisions, exclusions or definitions. In addition, Western . . . s*pecifically reserves the right to supplement this letter and further disclaim the duty to defend or indemnify*" if additional information warranted further disclaimer. *Id*. at 3-4 (emphasis added).

2

After the Estate of Laura L. Maas filed a wrongful death and survivor action in the Court of Common Pleas of Allegheny County, Delta notified Western of the lawsuit and supplied it a copy of the complaint. Western initially provided a defense and responded by letter dated October 26, 2009 ("2009 letter"), which advised Delta that because plaintiff (the Maas estate) seeks both compensatory damages and "exemplary damages to punish a wrongdoing," such punitive damages will not be covered under the policy's "punitive or exemplary damages exclusion." *Id*. at 9-10. The letter also advised Delta that it was providing a defense through a law firm in Pittsburgh, but that Delta could select its own counsel at its own expense. *Id*. at 10.

On February 9, 2010, Western sent Delta another letter formally advising Delta that it was declining coverage for any of the Estate of Maas claims arising from the stabbing, by reason of the A&B exclusion, that punitive damages were also excluded from coverage, that Western would continue to provide a defense until the Court ruled on a complaint for a declaratory judgment that it intended to file, and that it would pay for interim counsel at Delta's choosing upon request. *Id*. at 13-14.

### B. Counterclaim

Delta counterclaims that Western is required to provide a defense to the lawsuit and coverage, because, by the 2009 letter and oral communications between agents for the companies, Western waived its right to assert the A&B exclusion previously reserved, and is estopped from asserting that exclusion. Delta also alleges that Western acted in bad faith in denying coverage and a defense, entitling it to damages under 42 Pa.C.S. § 8371.

### C. Western's Motion for Summary Judgment (Doc. No. 66)

Western relies on the plain terms of the A&B exclusion and of its three letters to Delta

3

expressly reserving all rights under the policy to decline to provide a defense or coverage.

### D. Delta's Motion for Summary Judgment (Doc. No. 70)

Delta asserts that Western's 2009 letter implicitly waived its previous reservation of rights, and thereby acknowledged that the policy covered the claims raised in the wrongful death and survival action. Western's subsequent declination was made, Delta claims, in bad faith.

### III. Summary Judgment Standards

Summary judgment is only proper when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); *Horn v. Thoratec Corp.*, 376 F.3d 163, 165 (3d Cir. 2004). In reviewing a motion for summary judgment, the role of the court is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). If so, summary judgment will not be granted.

The district court must view all of the facts in the light most favorable to the non-moving party, who is entitled to "every reasonable inference that can be drawn from the record," and if "there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." *Reedy v. Evanson*, --- F.3d ----, 2010 WL 2991378, *8 (3d Cir. 2010) (quoting *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 788 (3d Cir. 2000) and *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir. 1982)). A party cannot, however, defeat a motion for summary judgment by pointing to fragmentary facts and strained inferences that could be massaged to support that party's position. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material

4

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

 IV. Discussion

 A. Assault and Battery Exclusion

As noted above, there is no dispute that the A&B exclusion, by its plain terms, applies to the claims raised in the lawsuit in the Court of Common Pleas of Allegheny County, which arose from the stabbing death of Ms. Maas at the apartment building owned by Delta. Because such claims arise from another tenant's stabbing Ms. Maas in the insured apartment building, the policy unambiguously excludes such claims from coverage and from the duty to defend.

In Pennsylvania, an insurer may protect its rights under the policy by a timely reservation of rights which fairly informs the insured of the insurer's position. *Aetna Life and Cas. Co. v. McCabe*, 556 F.Supp. 1342, 1354 (E.D.Pa. 1983). There is no dispute that Western's 2008 letter explicitly and unambiguously reserved its rights under the A&B exclusion of the policy, and reserved the right to supplement its denial of coverage. The question is whether a reasonable jury or judge could find that Western's subsequent letters or conduct implicitly repudiated, rescinded, or otherwise waived the explicit reservation of rights in the 2008 letter, stating that Western "has not, does not, nor shall not in any manner waive any of its rights or defenses to deny coverage . . . based on the policy's . . . exclusions."

 B. Waiver and Estoppel

In Pennsylvania, which the parties agree supplies the substantive law in this diversity based declaratory judgment action, the burden of proof is on the party making a waiver or estoppel defense to show, by clear and convincing evidence, that the opposing party waived its contractual rights or by its conduct should be estopped from asserting said rights.

The essential elements of estoppel are an inducement to a party to believe that certain facts exist, and an act in reliance on that belief. *Chrysler Credit Corp. v. First Nat. Bank and Trust Co. of Washington*, 746 F.2d 200, 206 (3rd Cir. 1984) (citing *Sabino v. Junio*, 441 Pa. 222, 272 A.2d 508 (1971)). It is well-established under Pennsylvania law that the burden rests on the party asserting estoppel to establish the defense by clear, precise and unequivocal evidence. *Chysler Credit*, 746 F.2d at 206-07 (citing *Blofsen v. Cutaiar*, 460 Pa. 411, 333 A.2d 841 (1975)). Estoppel by fraud requires clear and convincing evidence of the fraudulent conduct. Ch*rysler Credit*, 746 F.2d at 208 (citing, inter alia, *O'Callaghan v. Weitzman*, 291 Pa.Super. 471, 436 A.2d 212 (1981)). See also *Wasilko v. Home Mut. Cas. Co.*, 210 Pa.Super. 322, 232 A.2d 60, 63-64 (Pa.Super. 1967). Where the party asserting estoppel has not changed its position in reliance on its opponent's representation, estoppel will not be found. See, e.g., *Guardian Life Ins. Co. v. Zerance*, 505 Pa. 345, 479 A.2d 949, 954 (1984); *Blofsen* at 333 A.2d 844 (1975).

Similarly, waiver of a contractual right must be proven by clear and convincing evidence showing that the insurance company voluntarily and intentionally relinquished a known right with full knowledge of all the facts. *Wasilko* 232 A.2d at 63; see also *Government Employees Ins. Co.* v. *Steitz*, 397 F.Supp. 366, 369 (E.D.Pa. 1975) (endorsing *Wasilko* ). "Absent a showing of prejudice to the insured, the failure to raise all possible defenses in a denial of coverage letter is not a waiver. . . . [I]n the context of an insurer's failure to assert all possible defenses to coverage, the courts apply an estoppel only when there is actual prejudice, that is, when the failure to assert all possible defenses causes the insured to act to his detriment in reliance thereon." *Rock-Epstein v. Allstate Ins. Co.,* 2008 WL 4425059, *4 (E.D.Pa. 2008) (quoting *Continental Ins. Co. v. Kovach*, 2007 WL 2343771, at *8-*9 (W.D.Pa. 2007) and *Mendel v. Home Ins. Co.*, 806 F.Supp. 1206, 1215 (E.D.Pa.

6

1992).

### C. Bad Faith

In order to establish a claim under Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371, a plaintiff must show "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Altimari v. John Hancock Variable Life Ins. Co.*, 247 F.Supp.2d 637, 649 (E.D.Pa. 2003) (citing *Klinger v. State Farm Mut. Auto. Ins. Co*., 115 F.3d 230, 233 (3d Cir.1997) (citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994), *appeal denied*, 540 Pa. 641, 659 A.2d 560(1995)). The insured must establish the insurer's bad faith by "clear and convincing evidence." *Terletsky*, 649 A.2d at 688; *Krisa v. Equitable Life Assur. Soc.,* 113 F.Supp.2d 694, 703 (M.D. Pa. 2000) ("Because 'the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case,' . . . , a proponent of a bad faith claim 'must present sufficient evidence such that, if believed, a jury could find bad faith under the clear and convincing standard.'" (quoting *Greco v. The Paul Revere Life Ins. Co.*, 1999 WL 95717, *3 (E.D.Pa. 1999)).

### D. Application

It is difficult to imagine a more explicit reservation of rights than that set forth in Western's 2008 letter. Notably, that letter also indicated that it reserved the right to assert additional defenses, which Western did in its 2009 letter directing Delta's attention to the punitive damages exclusion. Although the 2009 letter did not repeat the plain, unambiguous, and explicit reservations of rights set out in the 2008 letter, and, consistent with the 2008 letter, indicated it would provide counsel, there is nothing expressed or implied in the 2009 letter that could reasonably be construed as a

rejection, repudiation, waiver, or distancing from the explicit 2008 reservation of rights, including the right to assert the A&B exclusion to deny coverage and the duty to defend. To the extent one could stretch the language of or omissions from the 2009 letter as some support for the position that Western waived rights previously and explicitly reserved, such a feat still would not come close to the clear and convincing evidence needed to establish waiver, estoppel or bad faith.

The oral communications upon which Delta relies between its agents and Western's agents is similarly unavailing. At best, the bantering at the depositions supply some meager support for an implied waiver, but by no stretch of the imagination does the deposition testimony shake this Court's confidence that a reasonable jury could not find, by clear and convincing evidence, that Western waived its reservation of rights or should otherwise be estopped from asserting said rights.

### V. Conclusion

Based on the foregoing, the Court finds, as a matter of law, that Western did not waive its reservation of rights under its policy with Delta, and therefore it may rely on the Assault and Battery exclusion to deny coverage and any duty to defend.

An appropriate order will be entered granting summary judgment for plaintiff.

s/ Arthur J.Schwab
Arthur J. Schwab
United States District Court Judge

Date: November 29, 2010

cc: All Registered ECF Counsel and Parties